UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| S.J.T., et al., <br><br> Plaintiffs, <br><br> v. <br><br> JULIE NELSON, et al., <br><br> Defendants. | Case No. 25-cv-06205-LB <br><br> **ORDER DENYING MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** <br><br> Re: ECF No. 5 |

## INTRODUCTION

Plaintiffs S.J.T. and Z.C.H. are noncitizens in removal proceedings who applied for cancellation of removal before an immigration judge, claiming that removal would result in exceptional and extremely unusual hardship to their disabled U.S.-citizen daughter, J.C.J. They moved for a temporary restraining order (TRO) and preliminary injunction directing the Executive Office for Immigration Review (EOIR) to schedule a merits hearing and adjudicate the plaintiffs' cancellation-of-removal application before August 14, 2025, the date that their daughter turns twenty-one, ending her parents' eligibility to gain lawful permanent residence. After the plaintiffs filed the motion, EOIR set a hearing for August 6, 2025. That moots the request for a hearing. The court lacks jurisdiction to order adjudication of the plaintiffs' application by a specific date.

# STATEMENT

The plaintiffs are S.J.T. and Z.C.H., wife and husband and citizens of Mexico, and their disabled U.S. citizen daughter, J.C.J., who turns twenty-one on August 14, 2025. In September 2023, S.J.T. applied for asylum based on her trauma from severe childhood abuse by her father in Mexico and her daughter's disability. Z.C.H. is a derivative applicant.[1]

On October 19, 2024, the plaintiffs requested an expedited interview for their application. The Asylum Office denied the request, informing them how to be placed on the short-notice list for interviews.[2] On December 19, 2024, the plaintiffs requested placement on the short-notice list, which allowed the Asylum Office to contact them if a cancellation arose. The Office added them to the list on December 20, 2024.[3] Non-expedited interviews often take several years to schedule.[4] On December 23, 2024, the plaintiffs filed a district-court lawsuit to compel the Asylum Office to schedule an interview.[5] On April 2, 2025, the plaintiffs waived their right to an interview, allowing U.S. Customs and Immigration Services to issue a notice to appear on June 30 for removal proceedings.[6] On May 30, 2025, the plaintiffs filed their cancellation-of-removal applications and requested an urgent Individual Calendar hearing, citing J.C.J.'s upcoming twenty-first birthday. The hearing was scheduled for July 7, 2025.[7]

---

[1] Nightingale Decl. – ECF No. 1-1 at 2 (¶¶ 2–5), 3 (¶ 10); I-797 Receipt for I-589 Appl., Ex. A to *id.* – ECF No. 1-2. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Nightingale Decl. – ECF No. 1-1 at 2 (¶ 6); Req., Ex. B to *id.* – ECF No. 1-3; Letter, Ex. C to *id.* – ECF No. 1-4.

[3] Nightingale Decl. – ECF No. 1-1 at 2–3 (¶¶ 7–8); Eligibility Checklist, Ex. D to *id.* – ECF No. 1-5.

[4] Nightingale Decl. – ECF No. 1-1 at 3 (¶ 9).

[5] *Id.* (¶ 10); Compl., *S.J.T. v. Lehman*, No. 3:24-cv-09366-LB – ECF No. 1. The parties stipulated to extend the deadline for the government to file its summary-judgment motion to May 9, 2025, because they were negotiating a resolution of the case. Stipulation and Order, No. 3:24-cv-09366-LB – ECF No. 19. No motion has been filed. The court asked the parties in the low-numbered case to file a stipulation by August 7 with their next steps. Min. Entry – ECF No. 20.

[6] Nightingale Decl. – ECF No. 1-1 at 3 (¶ 10); Waiver, Ex. E to *id.* – ECF No. 1-6; Notice to Appear, Ex. F to *id.* – ECF No. 1-7.

[7] Nightingale Decl. – ECF No. 1-1 at 3 (¶ 11); Notice of In-Person Hr'g, Ex. H to *id.* – ECF No. 1-9.

At the July 7 hearing, the plaintiffs requested expedited adjudication of their cancellation-of-removal claim due to J.C.J.'s upcoming birthday. The immigration judge stated that the court could no longer expedite adjudication because the prior practice of expediting due to loss of eligibility had been discontinued.[8] Witnesses testified, and the immigration judge scheduled a further hearing for August 11, 2025, to complete the testimony, considering J.C.J.'s birthday.[9] On July 16, 2025, the hearing was rescheduled to October 2, 2025, before a different immigration judge because the previous judge was terminated.[10] On July 17, 2025, the plaintiffs moved to advance the hearing date.[11] On July 23, 2025, they filed this lawsuit and motion.[12] On July 24, 2025, EOIR reset the hearing to August 6, 2025.[13]

The parties consented to magistrate-judge jurisdiction under 28 U.S.C. § 636(c).[14] The court held a hearing on August 4, 2025.

**LEGAL STANDARD**

**1. Cancellation of Removal**

The Attorney General may cancel removal and adjust the status of an inadmissible or deportable alien if the alien (1) has been physically present in the U.S. for a continuous period of ten years preceding the application, (2) has been a person of good moral character during this period, (3) has not been convicted of certain offenses, and (4) establishes that removal would result in "exceptional and extremely unusual hardship" to a qualifying relative (parent, spouse, or child). 8 U.S.C. § 1229b(b)(1). A child must be under age twenty-one to qualify. *Id.* § 1101(b)(1). There is an annual cap of 4,000 aliens per year, with limited exceptions. *Id.* § 1229b(e)(1); *Gomez v. McAleenan*, No. 19-cv-04199-JCS, 2019 WL 5722619, at *1 (N.D. Cal. Nov. 5, 2019). EOIR's

---

[8] Nightingale Decl. – ECF No. 1-1 at 3 (¶ 12).
[9] *Id.* at 3–4 (¶ 13); Notice of In-Person Hr'g, Ex. I to *id.* – ECF 1-10.
[10] Nightingale Decl. – ECF No. 1-1 at 4 (¶ 14); Notice of In-Person Hr'g, Ex. J to *id.* – ECF 1-11.
[11] Nightingale Decl. – ECF No. 1-1 at 4 (¶ 15).
[12] Compl. – ECF No. 1; Mot. – ECF No. 5.
[13] Notice of In-Person Hr'g – ECF No. 18-1.
[14] Consents – ECF Nos. 10–11.

Office of the Chief Immigration Judge adopted regulations implementing the cap. When the cap is reached, grants are reserved until a grant becomes available in a subsequent fiscal year. 8 C.F.R. § 1240.21(c)(1). Immigration courts and the Board of Immigration Appeals cannot issue conditional grants. *Id.* § 1240.21(a)(2). The availability of relief is determined by the date the order granting relief becomes final. *Id.* § 1240.21(c). Thus, a queue exists for the 4,000 annual grants. *Gomez*, 2019 WL 5722619, at *2.

**2. Temporary Restraining Orders and Preliminary Injunctions**

The standards for a TRO and a preliminary injunction are identical. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Movants must demonstrate (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm absent an injunction, (3) the balance of equities tips in their favor, and (4) an injunction is in the public interest. *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The irreparable injury must be likely and immediate. *Id.* at 20–22. Alternatively, movants may show "serious questions going to the merits" and a balance of hardships that tips sharply in their favor, provided that the other elements are satisfied. *All. for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011). When the government is a party, the balance of equities and public interest merge. *California v. Azar*, 911 F.3d 558, 575 (9th Cir. 2018). A preliminary injunction preserves the status quo and parties' rights until final judgment. *U.S. Philips Corp. v. KBC Bank N.V.*, 590 F.3d 1091, 1094 (9th Cir. 2010). For a mandatory injunction, the movants must show that the law and facts clearly favor their position, not simply that they are likely to succeed.[15] *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015).

## ANALYSIS

The plaintiffs seek an expedited hearing and adjudication of their cancellation-of-removal claim before J.C.J.'s twenty-first birthday.[16] They have not demonstrated a likelihood of success

---

[15] Mot. – ECF No. 5 at 11–12 (citing the legal standard for mandatory injunctions).

[16] Compl. – ECF No. 1 at 2 (¶¶ 1–2); Mot. – ECF No. 5 at 2–3.

ORDER – No. 25-cv-06205-LB        4

on the merits. EOIR's scheduling of a hearing on August 6, 2025, moots the request for a hearing. The court lacks jurisdiction to order adjudication by a specific date.

The court cannot hear moot claims. *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1086–87 (9th Cir. 2011). With J.C.J.'s birthday on August 14, 2025, and a hearing now set for August 6, 2025, the request for a hearing before August 14 is moot.

The plaintiffs argue that a hearing does not guarantee adjudication before J.C.J.'s birthday, as a grant cannot be issued immediately, only an intent to grant. The first immigration judge, now terminated, stated that the previous practice of expediting grants no longer exists. Thus, their case might not be adjudicated before August 14, 2025, potentially causing them to lose eligibility for lawful permanent residence.[17] 8 U.S.C. § 1101(b)(1) (child must be under twenty-one). This court lacks jurisdiction to compel adjudication by that date.

Relief depends on presenting a complete cancellation-of-removal application by August 6, 2025. If presented, the immigration judge determines whether removal would cause "exceptional and extremely unusual hardship" to a qualifying relative. 8 U.S.C. § 1229b(b). When the 4,000 cap is reached, further grants are deferred until they are available in a subsequent fiscal year. 8 C.F.R. § 1240.21(c)(1); *Gomez*, 2019 WL 5722619, at *2. Previously, immigration judges could issue earlier decisions for humanitarian reasons.[18] The plaintiffs claim that immigration officials reserve 500 of the 4,000 grants for successful applicants in custody.[19]

Judicial review of all questions of law and fact in removal proceedings, including constitutional and statutory interpretation, is available only through a petition for judicial review of a final order in the court of appeals. 8 U.S.C. § 1252(a)(5), (b)(9); *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 483 (1999); *Martinez v. Napolitano*, 704 F.3d 620, 623 (9th Cir. 2012); *Gomez*, 2019 WL 5722619, at *3. District courts lack jurisdiction to review final removal orders; only courts of appeal have authority. 8 U.S.C. § 1252(a)(5); *J.E.F.M. v. Lynch*,

---

[17] Reply – ECF No. 21 at 2–4.

[18] Mot. – ECF No. 5 at 14 (citing Procedures Due to the Cap on Non-LPR Cancellation, AILA Doc. No. 18082137, obtained through a FOIA request).

[19] *Id.* at 15 (alleging this on information and belief).

837 F.3d 1026, 1031 (9th Cir. 2016). Sections 1252(a)(5) and (b)(9) channel review of all claims "arising from" removal proceedings, including policy-and-practices challenges, through the petition-for-review process. *J.E.F.M.*, 837 F.3d at 1035; *Gomez*, 2019 WL 5722619, at *3. Claims independent of or collateral to removal proceedings may be considered by district courts. *J.E.F.M.*, 837 F.3d at 1032, 1035; *Gomez*, 2019 WL 5722619, at *4.

The distinction between claims arising from removal proceedings and independent claims turns on the relief sought. *Martinez*, 704 F.3d at 622–23 (9th Cir. 2012). In *J.E.F.M.*, the Ninth Circuit held that claims about the right to counsel in removal proceedings were subject to the petition-for-review process, not district-court review. 837 F.3d at 1029, 1035. In *Martinez*, the plaintiff's APA challenge to the Board of Immigration Appeals' denial of asylum, withholding of removal, and relief under the Convention Against Torture was an impermissible attempt to review the removal order. 704 F.3d at 621–22. Claims "inextricably linked" to the removal order are reviewable only through a petition to the Ninth Circuit. *Id.* at 623.

The plaintiffs seek adjudication of their cancellation-of-removal application and, if approved, an expedited grant before J.C.J.'s birthday to preserve their eligibility. They frame this as a return to the prior practice of full adjudication.[20] This challenge implicates the 4,000-grant cap and "arises from" the removal proceedings. *Gomez*, 2019 WL 5722619 at *1, *3–4. In *Gomez*, the plaintiff sought cancellation of removal due to hardship to her son and was placed in the queue after the cap was reached. *Id.* at *1. Her federal lawsuit was dismissed for lack of jurisdiction, as the challenge to agency procedures was inextricably linked to the removal order. *Id.* at *1, *4 (rejecting argument that 8 U.S.C. § 1252 did not govern because a removal order had not been issued). Similarly, the plaintiffs' requested relief is inextricably linked to their removal proceedings. *Id.*; *cf. Mendez-Garcia v. Lynch*, 840 F.3d 655, 666–69 (9th Cir. 2016) (no due-process violation from routine processing delays or statutory cap when children aged out during the proceedings). The court lacks jurisdiction to compel adjudication by August 14, 2025.

---

[20] Reply – ECF No. 21 at 2–3.

## CONCLUSION

The petitioner's request for a hearing is moot. The court lacks jurisdiction to provide further relief and denies the motion for a TRO and a preliminary injunction.

**IT IS SO ORDERED.**

Dated: August 4, 2025

_____
LAUREL BEELER
United States Magistrate Judge